UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

CALCHIP CONNECT, INC.,

Debtor.

Chapter 7

Case No. 25-13173-PMM

**MOTION OF CHAPTER 7 TRUSTEE TO COMPEL TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542**

Robert H. Holber, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of CalChip Connect, Inc. (the "Debtor") by and through his undersigned counsel, hereby files this Motion to compel turnover of property pursuant to 11 U.S.C. §542 (the "Motion") and in support thereof, and respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 18 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief sought herein are Sections 542 and 554 of the Bankruptcy Code.

**FACTUAL BACKGROUND**

3. On August 8, 2025, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

4. Thereafter, the Office of the United States Trustee appointed Robert H. Holber as Chapter 7 Trustee of the Debtor's estate.

5. The Debtor's bankruptcy filings establish that the Debtor maintains certain bank accounts maybe more than one at Citizens Bank, including a Business Account ending in 8486 with Citizens Bank (collectively, the "Citizens Accounts").

12129637 v1

6. By letter dated September 22, 2025, the Trustee sent a demand letter to Tina Hinkle, the Branch Manager of Citizens Bank located at 1055 W. Baltimore Pike, Media, PA, requesting turnover of funds held in the Citizens Accounts. A true and correct copy of said correspondence is attached hereto as Exhibit "A." and incorporated herein.

7. On September 25, 2025, Ms. Hinkle stated that she had forwarded this to their legal department when received. A true and correct copy of the response is attached hereto as Exhibit "B."

8. To date, Citizens Bank has not provided any further response, nor has it turned over the funds in the Citizens Accounts.

## RELIEF REQUESTED

9. Section 542(b) of the Bankruptcy Code provides as follows:

> Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

U.S.C. § 542(b).

10. While Bankruptcy Code Section 542(a) applies to property of the estate generally and to property the debtor may exempt, Section 542(b) applies specifically to debts that are property of the estate. Section 542(b) therefore applies to a bank account, which is a "debt" owed by a bank to its depositor that is "payable on demand, or payable on order." See *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 19, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995) (characterizing funds in debtor's bank account as a debt owed by the bank to the debtor); *In re Pyatt*, 486 F.3d 423, 430 (8th Cir.2007) ("a bank account is a debt the bank owes to the depositor"); *In re Calvin*, 329 B.R.

589, 595 (Bankr.S.D.Tex.2005) ("the debt owed by a bank in the form of an account is payable on demand or on order").

11. The Debtor's interest in the Citizens Accounts constitutes property of the Debtor's estate, inasmuch as property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *see also In re Calvin,* 329 B.R. at 595.

12. Section 542(b) of the Bankruptcy Code requires that banks turnover account funds to a Chapter 7 Trustee. *See In re Pyatt*, 486 F.3d at 430 (stating that 542(b) obligates banks to turn over funds in the debtor's bank account to the trustee); *Wells Fargo Bank, N.A. v. Jimenez*, 406 B.R. 935, 944 (D.N.M.2008) (stating that funds in the debtor's bank account on the petition date are subject to turnover to the trustee pursuant to Section 542(b); *In re Hoffman*, 51 B.R. 42, 45 & n. 1 (Bankr.W.D.Ark.1985) (stating that bank account funds become property of the estate on the petition date subject to turnover pursuant to Section 542(b)).

13. Citizens Bank has no ownership interest in the Citizens Accounts.

14. The Citizens Accounts fall within the purview of Section 542(b) as they are debts owed by Citizens Bank that is property of the estate and payable on demand or on order, and, as such, immediate turnover is warranted.

15. The Trustee respectfully submits that an adversary proceeding is not necessary in this case and turnover may be accomplished through the present Motion. *See, e.g.*, *In re Minter-Higgins*, 366 B.R. 880, fn. 3 (Bankr. N.D. Ind. 2007) (suggesting that relief may be obtained under Section 542(b) through motion); *In re KCC-Fund V, Ltd.*, 96 B.R. 237, 238-39 (Bankr. W.D.Mo. 1989) (holding "an action to require a custodian required by the Code to deliver property in the custodian's possession or control to the trustee may properly be brought by

motion and may be brought either by motion or by adversary action"); *In re Farmer*, 237 B.R. 210, 212 (Bankr. M.D.Fla. 1999) and *In re Taronji*, 174 B.R. 964, 966 (Bankr. N.D.Ill. 1994).

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order directing Citizens Bank: (a) to liquidate and close the Citizens Accounts immediately; (b) to tender payment of the balance of the Citizens Accounts to the Chapter 7 Trustee; and (c) to provide the Trustee with a final bank statement for the Citizens Accounts, showing a zero balance, and granting such other and further relief as is just and proper.

Dated: December 11, 2025           **FLASTER/GREENBERG P.C.**

                        By:    */s/ William J. Burnett*
                               William J. Burnett, Esquire
                               1717 Arch Street, Suite 3300
                               Philadelphia, PA 19103
                               Telephone 215-279-9383
                               Facsimile 215-279-9394

                               *Counsel for Robert H. Holber,*
                               *Chapter 7 Trustee*

12129637 v1